IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL ATTAWAY, Y55493, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2091-DWD |
| | ) |
| ILLINOIS DEPT. OF CORR., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Micheal Attaway, a former inmate of the Illinois Department of Corrections (IDOC) brought this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center (Shawnee). Plaintiff alleged that the Defendant failed to provide him with a needed ADA assistant. Defendant filed a Motion for Summary Judgment (Docs. 68, 69) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff was informed of his obligation to respond, but he has not filed a response. For reasons explained in this Order, the Defendant's Motion is granted, and this case is dismissed without prejudice.

## BACKGROUND

Plaintiff initiated this lawsuit by filing a complaint on June 11, 2023. (Doc. 1 at 12). Before the Court conducted an initial review of his pleading under 28 U.S.C. §1915A, Plaintiff filed an Amended Complaint (Doc. 11) on September 17, 2023. Both pleadings

contained substantially the same allegations against the sole remaining Defendant in this case, the Illinois Department of Corrections.  In each pleading, Plaintiff faulted the Defendant for failing to provide him with an aide to accommodate his needs under the Americans with Disabilities Act.  Specifically, he complained that he walked with a cane, which made accessing certain areas and amenities difficult or impossible without help.  Upon initial review, the Court allowed the following claim to proceed:

> Claim 1:    ADA Claim against the IDOC for failing to provide Plaintiff with an ADA attendant from February 15, 2023, to present;

(Doc. 18 at 3).  Although Claim 1 was allowed to proceed, the Court found that other allegations in Plaintiff's complaint were insufficient to proceed against individual medical providers.

The parties undertook discovery on the exhaustion of administrative remedies, and in doing so the defendants identified just two grievances filed between February of 2023 and the filing of this lawsuit (September of 2023) that are potentially relevant to the sole claim.  They argue that neither of these grievances were submitted beyond the first level of review at the prison, nor were they submitted to the Administrative Review Board (ARB).  By contrast, Plaintiff filed and fully exhausted other grievances during the relevant time period.  Thus, they contend that Plaintiff failed to exhaust his administrative remedies prior to filing this case.

Plaintiff was notified of the obligation to respond to Defendant's Motion (Doc. 70), but to date, he has not filed anything responsive.

### FINDINGS OF FACT

In Plaintiff's signed complaint (Doc. 11), he alleged that he "filed grievances and followed up on them," but "both the grievances and the follow ups went unacknowledged." (Doc. 11 at 4).

On February 24, 2023, Plaintiff submitted a grievance, number 2023-2-189, that he labeled as pertaining to his need for an ADA accommodation. (Doc. 64-9 at 5-6). In the grievance, he complained that he had only one pair of pants that fit properly, while his second pair had become too large and constantly fell down as he tried to ambulate with his cane. He complained that he needed properly fitting pants in order to attend amenities like chow, or other things at the prison. The grievance was denied emergency status on March 2, 2023, and on March 15, 2023, a counselor indicated that the grievance did not meet "DR 504.810" because it did not contain an incident date. The facility grievance log indicates that grievance 2023-2-189 was never forwarded to the second level of grievance review. (Doc. 69-3 at 1).

On June 14, 2023, the facility recorded grievance 2023-6-97, a grievance wherein Plaintiff explicitly stated, "I need an ADA assistant[.]" (Doc. 69-4 at 28). The grievance received a counselor's response on August 8, 2023, that stated Plaintiff had been referred to an ortho specialist for his knee, he had exercises for his shoulder and prescription medications, and if these things were not helping he could contact the healthcare unit. (Doc. 69-4 at 27). The facility's grievance log indicates that the grievance was never forwarded to the second level for review. (Doc. 69-3 at 1).

The Court also notes that in reviewing Plaintiff's full grievance records as submitted by the Defendants, it observed that on October 8, 2023, Plaintiff filed another grievance about his ability to get around the prison with his injuries. (Doc. 69-4 at 65-66). In response to the grievance, on October 17, 2023, a grievance officer indicated that a doctor had "placed an order for [plaintiff] to have a helper." (Doc. 69-4 at 64).

The Court also notes that the Defendant's characterization of Plaintiff's overall grievance record is accurate. From February of 2023 until September of 2023, when he might have submitted a grievance relevant to the allegations in this case, he successfully exhausted at least one grievance all the way thru review by the ARB. (Doc. 69-5 at 21-24).

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to

exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g.*, *Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If it is determined that there exists a

substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance. *Id.*

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.* If an inmate is appealing a grievance that the CAO determined to be of an emergency nature, then the ARB shall expedite processing of the appeal. 20 ILL. ADMIN. CODE § 504.850(f).

B. Analysis

Plaintiff has not filed a response to the Defendant's Motion for Summary Judgment, but the Court still reviewed the full grievance record and construed the record in Plaintiff's favor. The record contains no evidence that Plaintiff submitted any grievance sufficient to exhaust his claim in this lawsuit. The evidence most favorable to Plaintiff is his statements in his complaint that he submitted "grievances and followed up on them," but "both the grievances and the follow ups went unacknowledged." (Doc. 11 at 4). Statements based on personal knowledge made in a signed pleading can be considered at the summary judgment stage. *See e.g.*, *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003).

However, Plaintiff's statements in the complaint are offset by the grievance files submitted by Defendant which show both that Plaintiff filed grievances during this time

which received responses, and that he fully exhausted at least one grievance during that time that was not relevant to his claims in this case. This documentary evidence from the Defendant establishes that Plaintiff was able to file grievances, that he filed grievances that could have been considered relevant to his ADA claim in this case, and that he failed to ever complete the grievance process for the potentially relevant grievances. At this juncture, Plaintiff's own signed statements in his complaint are too vague to create a genuine dispute of fact. *See e.g., Dagans v. Cecil*, 2024 WL 3830275 at * 4-5, n. 3-4 (S.D. Ill. Aug. 15, 2024) (collecting cases for the proposition that a generic sworn statement about the availability of the grievance process is not sufficient to overcome summary judgment in the face of specific detailed evidence).

Plaintiff does not indicate when he tried to submit grievances, at what point in the grievance process the grievances went missing, how he tried to follow-up on this issue, or what specific responses he got to his queries. The generic assertion that he tried and failed to get any response from the prison about his issue is simply not sufficient to create a genuine dispute of material fact in the face of his entire grievance record which documents many grievances pursued at many stages of the review process. *See e.g., Moffett v. Dittman,* 2024 WL 3251287 at * 2 (7th Cir. July 1, 2024) (unpublished opinion affirming a district court's finding that an inmate's own statement in his brief about the unavailability of grievance forms was not enough to overcome summary judgment in the face of defendants' evidence that grievance forms were available because a statement in his brief that is not supported by the record is not sufficient to avoid summary judgment); *Dagans v. Cecil*, 2024 WL 3830275 at * 4-5, n. 3-4 (S.D. Ill. Aug. 15, 2024) (collecting cases

for the proposition that a generic sworn statement about the availability of the grievance process is not sufficient to overcome summary judgment in the face of specific detailed evidence). The Court also notes that his complaint contained multiple claims and allegations against parties that were dismissed as insufficient. It is not clear whether his statement about grievances in his complaint pertained to the dismissed claims, to the ADA claim, or to all claims in the complaint. Thus, the Court finds Defendant has met its burden to demonstrate that Plaintiff had available remedies and that he did not exhaust them prior to filing this lawsuit. Plaintiff has not put forth sufficient evidence to overcome this showing, so this case must be dismissed without prejudice for failure to exhaust administrative remedies.

## DISPOSITION

Defendant's Motion for Summary Judgment on the issue of exhaustion (Doc. 68) is **GRANTED**. Plaintiff's claim is **DISMISSED** without prejudice for failure to exhaust. The Clerk of Court is **DIRECTED** to enter judgment in Defendant's favor and to close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: October 18, 2024

_____
DAVID W. DUGAN
United States District Judge