IN THE SOUTHERN ILLINOIS UNITED STATES DISTRICT COURT

[MICHEAL ATTAWAY]

Plaintiff

v.

[ILLINOIS DEPARTMENT OF CORRECTIONS, ET AL]
 Defendant

Case No. [23-cv-02091-DWD]

**Motion to Reopen the Case and Move to Full Merits Discovery**

---

**Introduction:**

Plaintiff, [Micheal Attaway], respectfully requests that this Honorable Court reopen the case in the above-captioned matter and immediately move to full merits discovery. The case was dismissed based on failure to exhaust administrative remedies under the **Prison Litigation Reform Act (PLRA)**. However, as the Plaintiff is no longer incarcerated, the exhaustion requirement is no longer applicable. The Court previously found merit in the case when it ordered service of process, and Plaintiff now seeks to proceed with full discovery on the merits of the claims.

---

**Argument:**

**1. Change in Circumstances and the Mootness of the Exhaustion Requirement**

The **Prison Litigation Reform Act (PLRA)** mandates exhaustion of administrative remedies before filing a lawsuit. However, as the Plaintiff is no longer incarcerated, the exhaustion requirement is no longer applicable. The **U.S. Supreme Court** in **Woodford v. Ngo, 548 U.S. 81 (2006)** held that exhaustion is mandatory, but the Court also acknowledged that if the plaintiff is no longer in prison, the exhaustion requirement may not apply, especially if it is no longer feasible. Here, since Plaintiff has been released, the exhaustion condition has become moot and should not prevent the case from proceeding.

**2. Court's Previous Finding of Merit and Service of Process**

The Court previously acknowledged the merit of Plaintiff's claims by ordering service of process. **Heck v. Humphrey, 512 U.S. 477 (1994)** demonstrates that when the merits of a case are not frivolous and the Court allows the case to move forward by ordering service of process, that decision indicates a finding of merit. The exhaustion issue no longer applies, and thus, the case should proceed directly to discovery.

Additionally, in **Burrell v. City of Kankakee, 163 F.3d 1172 (7th Cir. 1998)**, the **7th Circuit** held that a case that had been dismissed due to procedural issues, such as failure to exhaust, can be reopened once the reason for the dismissal no longer applies. Here, the exhaustion issue is moot, and the case should be reopened.

### 3. Legal Precedents Supporting the Reopening and Advancement of the Case

**Moser v. McCormick, 47 F.3d 46 (7th Cir. 1995)** supports the notion that a case dismissed on procedural grounds may be reopened when the procedural barrier, such as failure to exhaust, is no longer applicable. Since Plaintiff is now free, the exhaustion requirement should no longer be a barrier, and the case should advance to discovery.

Further, **Dunn v. Fairfield, 210 F.3d 564 (7th Cir. 2000)** held that the exhaustion requirement under the **PLRA** could be reconsidered when the plaintiff is no longer incarcerated. As Plaintiff is free from prison, the exhaustion requirement no longer applies, and this case should proceed to full merits discovery.

### 4. Right to Full Discovery and Timely Resolution of the Case

**Federal Rule of Civil Procedure 26(a)** provides that once a case is reopened, parties are required to provide initial disclosures and proceed with discovery. Plaintiff respectfully requests the Court allow the case to progress directly to discovery, which is necessary to develop the factual record in support of Plaintiff's claims. Full discovery is essential for the resolution of this case on the merits.

### 5. Equitable Considerations and Fairness

The **Illinois Supreme Court** in **People v. McHugh, 200 Ill. 2d 305 (2002)** held that reopening a case based on changed circumstances, such as the plaintiff's release from prison, is within the Court's discretion. The same equitable considerations apply here. Given that the exhaustion requirement has become moot, it would be unfair to deny Plaintiff the opportunity to proceed with his claims based on an outdated procedural requirement. The case should be reopened and allowed to proceed to full discovery.

### 6. Proposed Discovery Plan

Plaintiff proposes the following timeline for discovery:

- **Initial Disclosures**: Within 30 days from the date of the order reopening the case.
- **Discovery Deadline**: Within 120 days from the date of the order reopening the case.
- **Depositions and Other Discovery**: To be completed within 180 days from the date of the order reopening the case.

## Conclusion:

For the reasons set forth above, Plaintiff respectfully requests that the Court grant this motion to reopen the case and move the matter to full merits discovery, in accordance with the proposed timeline.

## Proposed Order:

It is hereby ordered that Plaintiff's Motion to Reopen the Case and Move to Full Merits Discovery is granted. The case shall proceed to discovery, with initial disclosures due within 30 days and the completion of all discovery within 180 days from the date of this order.

## Legal Authorities Cited:

1. **Heck v. Humphrey**, 512 U.S. 477 (1994)
2. **Woodford v. Ngo**, 548 U.S. 81 (2006)
3. **Burrell v. City of Kankakee**, 163 F.3d 1172 (7th Cir. 1998)
4. **Dunn v. Fairfield**, 210 F.3d 564 (7th Cir. 2000)
5. **Moser v. McCormick**, 47 F.3d 46 (7th Cir. 1995)
6. **People v. McHugh**, 200 Ill. 2d 305 (2002)
7. **Federal Rule of Civil Procedure 26(a)**

Respectfully submitted,

**Micheal Attaway**

**Prose plaintiff**

**116 N First St Champaign, Illinois 61820**

<u>attawaymicheal27@gmail.com</u>   (312)560-9253