IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL ATTAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 23-cv-2091-DWD |
| vs. | ) |
| | ) |
| ILLINOIS DEPT. OF CORR., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On October 18, 2024, the Court granted Defendant's Motion for Summary Judgment based on Plaintiff's failure to exhaust his administrative remedies. (Docs. 71, 72). Plaintiff has now moved to reopen this case and to transfer the venue to the Central District of Illinois. (Docs. 73, 74). Both motions will be denied for reasons explained in this Order.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (*citing Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

Rule 60(b) allows relief from a judgment, order, or other part of the record, if relief is sought within a reasonable amount of time. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. FED. R. CIV. PROC. 60(b). Rule 60(b) does not allow a party to make "general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). It is not for the Court to "agoniz[e] over whether a motion asserts a ground for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Id.* at 302.

Plaintiff's Motion to Reopen was filed more than five months after this case was closed, so he might only qualify for relief under Rule 60(b). On July 15, 2024, the Defendant moved for summary judgment on the premise of Plaintiff's failure to exhaust his administrative remedies, and Defendant also issued a Notice (Doc. 70) that explained Plaintiff's obligation to respond to the motion. Despite the Notice, Plaintiff did not file a response before the Court issued its decision on October 18, 2024. In the present Motion to Reopen, Plaintiff provides no reasoning for his earlier failure to respond. Instead, he simply argues that the case should be reopened because now that he has been released from prison, the exhaustion requirement of the Prison Litigation Reform Act does not apply to him, and thus his case should be reopened and advanced to merits discovery.

Plaintiff's contentions are unpersuasive for multiple reasons. First, Plaintiff notified the Court on June 21, 2024, that he had been released from prison, so by the time the Defendant's July 15, 2024, Motion was filed, he already could have presented this argument. He does not explain why he failed to do so. Second, even if Plaintiff presented this argument in response to the Defendant's Motion, he would not have succeeded. The requirements of the PLRA attach to a case based on an individual's detention status at the time the case is filed. *See e.g., Lemke v. Allen*, 2020 WL 1139269 at * 2-3 (S.D. Ill. Mar. 9, 2020) (collecting cases for the proposition that the application of the PLRA is determined by the plaintiff's status at the time the case is filed). When this lawsuit was filed, Plaintiff was still incarcerated, so the PLRA attached at that time. To the extent that Plaintiff argues otherwise in his motion and cites case to support his argument—his citations are seriously flawed.

For example, Plaintiff cites *Burrell v. City of Kankakee*, 163 F.3d 1172 (7th Cir. 1998)[1], which he describes as:

> the 7th Circuit held that a case that had been dismissed due to procedural issues, such as failure to exhaust, can be reopened once the reason for the dismissal no longer applies. Here, the exhaustion issue is moot, and the case should be reopened.

(Doc. 73 at 2). He also cites *Dunn v. Fairfield*, 210 F.3d 564 (7th Cir. 2000)[2] for the proposition that:

> the exhaustion requirement under the PLRA could be reconsidered when the plaintiff is no longer incarcerated. As Plaintiff is free from prison, the

---

[1] This pin cite actually leads to *United States v. Wiggenstein*, an appeal from a criminal conviction before the Tenth Circuit Court of Appeals.
[2] This pin cite actually leads to *Sobley v. Southern Natural Gas Co.*, an appeal to the Fifth Circuit Court of Appeals about coverage under a homeowner's insurance policy.

>exhaustion requirement no longer applies, and this case should proceed to full merits discovery.

(Doc. 73 at 2). The problems with these citations and arguments are two-fold. First, the citations contain typos. Neither case can be located by searching the "XXX F.3d XXX" pin cite that Plaintiff has attached to the case name. By searching for the case name, the Court was able to locate *Burrell v. City of Kankakee*, 815 F.2d 1127 (7th Cir. 1987) and *Dunn V. Fairfield Comm. High School Dist. No. 225*, 158 F.3d 962 (7th Cir. 1998). The second problem with Plaintiff's citation of these cases is that they both have zero factual relevance to the proposition he has attached them to about the PLRA's exhaustion requirement. *Burrell* is a case where the Seventh Circuit affirmed a lower court's ruling on substantive due process related to a county's zoning and land use, and *Dunn* is a case where the Seventh Circuit affirmed summary judgment for a school district over their handling of student disciplinary issues in a high school band class. Neither case bears any factual or procedural relevance to the statements that Plaintiff associates them with in his brief. Thus, Plaintiff has completely misrepresented the meaning of the cases cited in his brief.[3]

Plaintiff's incorrect citations and his misrepresentations of the contents of the cases he cites is a grave error. Federal Rule of Civil Procedure 11(b) provides that by filing a pleading, motion, or other paper with the court an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims and factual contentions are warranted

---

[3] Plaintiff also cited *Moser v. McCormick*, 47 F.3d 46 (7th Cir. 1995). The Court was unable to locate any case that matched this name. The citation, 47 F.3d 46, leads to *Cyberchron Corp v. Calldata Systems Development Corp.*, a breach of contract case on appeal before the Second Circuit Court of Appeals concerning the outcome of a bench trial.

by existing law and have support. Carelessness, good faith, or ignorance are not an excuse for submitting materials that do not comply with Rule 11. *See e.g.*, *Mid Central Operating Engineers Health and Welfare Fund v. HooiserVac LLC*, 2025 WL 574234 (S.D. Ind. Feb. 21, 2025) ("*Mid Central*") (thoroughly explaining Rule 11 and a party's duty to vet sources and citations). The occurrence of misrepresentations is a common pitfall with the emergence of new research technology, including generative AI. This District does not prohibit parties from using new technology to conduct research or even to draft documents, but all parties who use these tools are still required to comply with Rule 11 and to verify that the things they submit to the Court are true and accurate. Plaintiff has failed at this task because his Motion contains multiple incorrect and misleading citations and statements.

With the rise of incorrect citations and new emerging technologies, courts have assessed monetary sanctions anywhere from $2,000 to $15,000 for violations similar to Plaintiff's conduct. *See Mid Central*, 2025 WL 574234 at *3 (noting sanctions from $2,000 to $15,000 based on the quantity and severity of the Rule 11 violation). However, Plaintiff is a pro se litigant not a licensed attorney. This is not an excuse for leniency with Rule 11. Rule 11 applies to unrepresented parties with full force. Nevertheless, the Court will not issue a monetary sanction today, but if Plaintiff is found to have committed similar violations in any other case or if he commits future violations of this nature in any case, he may face monetary sanctions for his conduct.

In sum, Plaintiff's argument for reopening is not supported by existing precedent, and his erroneous citations further decrease the credibility or merit of his attempt to

reopen this case. He has not demonstrated any basis under Federal Rule 60(b) that warrants reopening of this matter. This case was not dismissed in error, and there is no legal basis to reopen it now.

Based on the foregoing analysis, Plaintiff's Motion to Reopen is **DENIED** because he has not presented a meritorious basis to reopen this case. Plaintiff's Motion to Transfer Venue (Doc. 74) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**Dated**: April 14, 2025

_____
DAVID W. DUGAN
United States District Judge